FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

TAN GROW INC.,

        **Plaintiff,**

v.

        Civil Action No. 1:24-CV-1855

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

        **Defendants.**

## VERIFIED COMPLAINT

Plaintiff Tan Grow Inc. ("Tan Grow"), by its undersigned counsel, alleges as follows for its Complaint against Defendants in Schedule "A."

### THE NATURE OF THIS ACTION

1. Tan Grow brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 10,543,957 B2 ("the '957 Patent") titled "Foldable Liquid Container with Supporting Frame"; U.S. Patent No. 10,882,662 B2 ("the '662 Patent") titled "Foldable Liquid Container with Supporting Frame"; and U.S. Patent No. 11,939,111 B2 ("the '111 Patent") titled "Foldable Container and Foldable Supporting Frame Thereof, and Folding Method" (collectively "the Patents-in-Suit"). The Patents-in-suit protect a foldable container having a foldable supporting

1

FILED UNDER SEAL

frame that allow for operation in a folded and unfolded mode and the ornamental design thereof. A true and correct copy of the Patents-in-suit are attached as Exhibits A-C.

## THE PARTIES

2.      Plaintiff is an Illinois corporation doing business in the United States and maintains a principal place of business at 13013 Western Ave., STE 5, Blue Island, Illinois 60406.

3.      Plaintiff is the sole assignee of the Patents-in-suit with the right to enforce their claims.

4.      Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions.  Defendants sell Accused Products on the Amazon.com, Temu.com, and Walmart.com Internet retail platforms.  Since Amazon.com, Temu.com, and Walmart.com do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5.      Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com, Temu.com, and Walmart.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the Patents-in-suit to consumers within the United States, including the State of Virginia and Eastern District of Virginia.  For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district. Additionally,

2

FILED UNDER SEAL

Walmart.com defendants offer shipping of, and does ship, throughout the United States including into this District, the Accused Products.

6.    Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7.    Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

8.    This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

9.    This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

10.    This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

11.    Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C.

3

FILED UNDER SEAL

§ 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal jurisdiction.

12.    This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com, Temu.com, and Walmart.com e-commerce platforms.

## BACKGROUND AND GENERAL ALLEGATIONS

13.    Plaintiff is the owner of the Patents-in-suit and sells foldable containers on online platforms to U.S. customers. Plaintiff's manager is the inventor of the novel foldable containers claimed in the Patents-in-suit. Plaintiff has sold the foldable containers under the Furesh brand since February 28, 2020. Plaintiff has experienced substantial sales and growth due to the innovative and unique design of the foldable containers covered by the Patents-in-suit.

4

FILED UNDER SEAL

14.    In the past few years, Plaintiff has instituted a campaign to police knock-off and infringing products coming from China.  As a result of its efforts, Plaintiff has nearly continuously fought to keep infringing products off the U.S. market via enforcement of its intellectual property rights. Plaintiff has expanded its intellectual property enforcement efforts against infringing products by filing and obtaining U.S. patents to protect its products in this domestic market.

15.    Specifically related to this action, Plaintiff's Patents-in-suit protect a dog bath tub and wash station for elevated bathing, shower, and grooming. The dog bath tub and wash station is an elevated foldable and portable, indoor and outdoor device for small and medium sized dogs and cats. Plaintiff directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), "Littler Dipper Dog Bath Tub and Wash Stations" that are commercial embodiments made under the Patents-in-Suit. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party in the marketplace or named in this action to import, offer to sell, or sell products made according to the claims of the Patents-in-Suit.

16.    Plaintiff maintains quality control standards for all of its products sold under the Patents-in-Suit. Genuine Plaintiff's Products are sold directly by Plaintiff through its Furesh Store to consumers through online sales platforms such as Amazon.com.  Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

17.    Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce

5

FILED UNDER SEAL

Internet Webstores. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

## THE PATENT

18.     On January 20, 2020, United States Patent No. 10,543,957 entitled "Foldable Liquid Container with Supporting Frame" was duly and legally issued by the USPTO. The '957 Patent claims patent-eligible subject matter and is valid and enforceable.  Plaintiff is the exclusive owner of the '957 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '957 Patent.  Defendants are not licensed to the '957 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '957 Patent whatsoever. A true and correct copy of the '957 Patent is attached hereto as **Exhibit A.**

19.     The '957 Patent is presumed valid under 35 U.S.C. § 282.

20.     The claims of the '957 Patent are directed to a foldable liquid container.  The '957 Patent contains twenty-four claims directed to the device, where claim 1 is the sole independent claim. Claim 1 of the '957 Patent recites:

> 1. A foldable liquid container, comprising:
> a container body;
> a foldable supporting frame which supports said container body, wherein said foldable supporting frame comprises two folding arms, and a plurality of supporting legs for supporting said two folding arms respectively, wherein one folding arm of said two folding arms includes two end portions, wherein said foldable supporting frame further comprises a switching rod connecting said two end portions of said one folding arm; and
> a switch device which comprises a main body having a slider chamber, a slider slidably engaged with said slider chamber, and a resilient member;
> wherein said foldable supporting frame is arranged to be operated between a folded mode in which said one folding arm is rotated to fold up with the other folding arm of said two folding arms to move said switching rod to a position pressing against said supporting end portion to compress said resilient member for inwardly moving said slider into said slider chamber, and an unfolded state in which said two folding arms are unfolded to be on a same plane with each other while said resilient member provides a resilient force that

6

FILED UNDER SEAL

pushes against said slider for retaining an end portion of said slider be protruded out from said slider chamber of said main body for supporting said switching rod.

21.     On January 5, 2021, United States Patent No. 10,882,662 entitled "Foldable Liquid Container with Supporting Frame" was duly and legally issued by the USPTO. The '662 Patent claims patent-eligible subject matter and is valid and enforceable.  Plaintiff is the exclusive owner of the '662 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '662 Patent.  Defendants are not licensed to the '662 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '662 Patent whatsoever. A true and correct copy of the '662 Patent is attached hereto as **Exhibit B**.

22.     The '662 Patent is presumed valid under 35 U.S.C. § 282.

23.     The claims of the '662 Patent are directed to a foldable liquid container.  The '662 Patent contains twenty claims directed to the device, where claim 1 is the sole independent claim. Claim 1 of the '662 Patent recites:

> 1. A foldable liquid container, comprising:
> a foldable supporting frame arranged to be operated between an unfolded mode and a folded mode;
> a switch device arranged on said foldable supporting frame to operate said foldable supporting frame between the unfolded mode and the folded mode by a single pulling operation; and
> a container body arranged on said foldable supporting frame, wherein said container body is constructed to be folded up with a folding of said foldable supporting frame and unfolded with an unfolding of said foldable supporting frame, wherein when said foldable supporting frame is unfolded, said foldable supporting frame is supported in the unfolded mode by said switch device, wherein said switch device is able to be operated to release the support of said foldable supporting frame when said foldable supporting frame is operated from the unfolded mode to the folded mode.

24.     On March 26, 2024, United States Patent No. 11,939,111 entitled "Foldable Container and Foldable Supporting Frame Thereof, and Folding Method" was duly and legally

7

FILED UNDER SEAL

issued by the USPTO. The '111 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '111 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '111 Patent. Defendants are not licensed to the '111 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '111 Patent whatsoever. A true and correct copy of the '111 Patent is attached hereto as **Exhibit C.**

25. The '111 Patent is presumed valid under 35 U.S.C. § 282.

26. The claims of the '111 Patent are directed to a foldable container for pet bathing. The '111 Patent contains four claims directed to the device, where claims 1 and 3 are the independent claims. Claim 1 of the '111 Patent recites:

> 1. A foldable container for pet bathing, comprising:
> a foldable supporting frame; and
> a container body arranged on said supporting frame and constructed to be unfolded for containing a liquid for the pet to bath, wherein said foldable supporting frame comprises two top supporting arms each comprising a rod body having a fixing cavity and a slot communicated to said fixing cavity, wherein said container body comprises a bottom wall and a surrounding wall connected to said bottom wall, wherein said surrounding wall comprises an edge which is detachably mounted in said fixing cavity of said rod body through said slot;
> wherein said edge of said surrounding wall comprises an edge sleeve and two fixing ribs received in said edge sleeve, wherein said two fixing ribs is mounted in said fixing cavity of said rod body of each of said two top supporting arms to fix said edge sleeve between said fixing ribs and said rod body;
> wherein said edge sleeve of said surrounding wall has two mounting holes and two retaining channels, wherein each of said two mounting holes are respectively communicated to said two retaining channels, wherein said two fixing ribs are respectively inserted into said two retaining channels through said two mounting holes and are respectively retained in said two retaining channels.

## INFRINGEMENT

27. Defendants manufacture, import, offer to sell, and sell various foldable liquid

8

FILED UNDER SEAL

containers. These devices are sold on the Amazon.com, Temu.com, and Walmart.com platforms and other Internet platforms using Infringing Webstores.

28.    Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the Patents-in-Suit by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

29.    Defendants also indirectly infringe the Patents-in-Suit by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the Patents-in-Suit, including their customers throughout the United States. Defendants continue to induce infringement of the Patents-in-Suit.

30.    Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the Patents-in-Suit. The Accused Products are all foldable pet wash stations. Figure 1 of the '111 Patent illustrates an embodiment of the liquid container in the unfolded position.

FILED UNDER SEAL



**FIG.1**

31.    Figure 2 of the '111 Patent illustrates the folded position of the embodiment of the liquid container of Fig. 1.



**FIG.2**

10

FILED UNDER SEAL

32.     Each Accused Product is a foldable liquid container that includes all of the claimed elements of at least one claim of at least one of the patents-in-suit.

33.     **Exhibit D** includes a list of Defendants and Accused Products that infringe the Patents-in-Suit as well as exemplary claim charts and examples that demonstrate the correspondence of the Accused Products with elements of exemplary claims of representative Patents-in-Suit.  The charts are submitted as examples of each of the foldable liquid containers of Defendants that all include similar claimed components, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

34.     Defendants and their customers have continued infringement.

35.     Plaintiff is the exclusive licensee of the Patents-in-Suit with the right to enforce the Patents-in-Suit.

36.     Defendants have infringed, and continue to infringe, at least one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, devices for imparting smoked flavors to beverages and foodstuffs, that infringe the asserted claims in the United States, or (b) by inducing others to use the Accused Products and/or sell the Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States.

37.     The Accused Products are infringing devices and thus directly infringe at least one or more claims of the Patents-in-Suit. The Accused Products include various foldable dog

11

FILED UNDER SEAL

washing stations that function in the same way and thus directly, and indirectly by inducement, infringe at least one claim of the Patents-in-Suit.

38.     The Patents-in-Suit are also infringed under 35 USC § 271(a) when an accused product is "used" by Defendant as foldable liquid container; the Patents-in-Suit are infringed under 35 USC § 271(b) when Defendants "induce" others to use the Accused Products as a foldable liquid container.

39.     Upon information and belief, Defendants have directly infringed one or more of claims of the Patents-in-Suit under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to infringe claims of the Patents-in-Suit.

40.     Upon information and belief, Defendants have indirectly infringed one or more of the claims of the Patents-in-Suit under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer. by providing accused products, with instructions, which are used for imparting smoked flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products.

41.     Defendants do not have a license or authority to import, make, use, or sell goods under the Patents-in-Suit.

42.     Plaintiff has marked its Products with notices of the Patents-in-Suit.  Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement

12

FILED UNDER SEAL

allegations.

43.     As a result of Defendants' infringement of the Patents-in-Suit, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

44.     Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the Patents-in-Suit in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com, Temu.com, and Walmart.com.

45.     Defendants have been willfully infringing the Patents-in-Suit since at least as early as they became aware of the Patents-in-Suit. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

46.     Many sellers on Amazon.com, Temu.com, and Walmart.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com, Temu.com, and Walmart.com platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

13

FILED UNDER SEAL

47.    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the Patents-in-Suit unless preliminarily and permanently enjoined.

48.    Plaintiff has no adequate remedy at law.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,543,957

49.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

50.    Defendants have infringed, and continue to directly infringe, claims 1-24 of the '957 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

51.    Neither Defendants nor their customers have a license or authority to use the '957 Patent.

52.    As a result of Defendants' infringement of the '957 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

53.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '957 Patent unless preliminarily and permanently enjoined.

54.    The Defendants have infringed the '957 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff

14

FILED UNDER SEAL

is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

55.     Defendants' infringement of the '957 Patent has been willful under 35 U.S.C. § 284.

**COUNT II**
**INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,543,957**

56.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

57.     Defendants have indirectly infringed claims 1-24 of the '957 Patent under 35 U.S.C. § 271(b), by providing Accused Products, with instructions, which are used to contain liquid in a foldable container, thereby inducing others to use the Accused Products in an infringing manner.

58.     Neither Defendants nor their customers have a license or authority to use the '957 Patent.

59.     As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

60.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '957 Patent unless preliminarily and permanently enjoined.

61.     The Defendants have infringed the '957 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

15

FILED UNDER SEAL

62.    Defendants' infringement of the '957 Patent has been willful under 35 U.S.C. § 284.

## COUNT III
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,543,957

63.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

64.    Defendants have indirectly infringed claims 1-24 of the '957 Patent under 35 U.S.C. § 271(c), by providing Accused Products, and components and supplies, which are used as components of infringing devices which infringe the claims of the '957 Patent, thus contributing to the infringement of the '957 Patent.

65.    Neither Defendant nor their customers have a license or authority to use the '957 Patent.

66.    As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

67.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '957 Patent unless preliminarily and permanently enjoined.

68.    The Defendants have infringed the '957 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

16

FILED UNDER SEAL

69.    Defendants' infringement of the '957 Patent has been willful under 35 U.S.C. § 284.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,882,662

70.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

71.    Defendants have infringed, and continue to directly infringe, claims 1-20 of the '662 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

72.    Neither Defendants nor their customers have a license or authority to use the '662 Patent.

73.    As a result of Defendants' infringement of the '662 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

74.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '662 Patent unless preliminarily and permanently enjoined.

75.    The Defendants have infringed the '662 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

76.    Defendants' infringement of the '662 Patent has been willful under 35 U.S.C. §

17

FILED UNDER SEAL

284.

## COUNT V
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,882,662

77.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

78.     Defendants have indirectly infringed claims 1-20 of the '662 Patent under 35 U.S.C. § 271(b), by providing Accused Products, with instructions, which are used to contain liquid in a foldable container, thereby inducing others to use the Accused Products in an infringing manner.

79.     Neither Defendants nor their customers have a license or authority to use the '662 Patent.

80.     As a result of Defendants' infringement of the '662 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

81.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '662 Patent unless preliminarily and permanently enjoined.

82.     The Defendants have infringed the '662 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

83.     Defendants' infringement of the '662 Patent has been willful under 35 U.S.C. § 284.

FILED UNDER SEAL

## COUNT VI
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,882,662

84.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

85.     Defendants have indirectly infringed claims 1-20 of the '662 Patent under 35 U.S.C. § 271(c), by providing Accused Products, and components and supplies, which are used as components of infringing devices which infringe the claims of the '662 Patent, thus contributing to the infringement of the '662 Patent.

86.     Neither Defendant nor their customers have a license or authority to use the '662 Patent.

87.     As a result of Defendants' infringement of the '662 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

88.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '662 Patent unless preliminarily and permanently enjoined.

89.     The Defendants have infringed the '662 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

90.     Defendants' infringement of the '662 Patent has been willful under 35 U.S.C. § 284.

FILED UNDER SEAL

## COUNT VII
### DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,939,111

91.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

92.    Defendants have infringed, and continue to directly infringe, claims 1-4 of the '111 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

93.    Neither Defendants nor their customers have a license or authority to use the '111 Patent.

94.    As a result of Defendants' infringement of the '111 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

95.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '111 Patent unless preliminarily and permanently enjoined.

96.    The Defendants have infringed the '111 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

97.    Defendants' infringement of the '111 Patent has been willful under 35 U.S.C. § 284.

### COUNT VIII

FILED UNDER SEAL

## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 11,939,111

98.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

99.    Defendants have indirectly infringed claims 1-4 of the '111 Patent under 35 U.S.C. § 271(b), by providing Accused Products, with instructions, which are used to contain liquid in a foldable container, thereby inducing others to use the Accused Products in an infringing manner.

100.    Neither Defendants nor their customers have a license or authority to use the '111 Patent.

101.    As a result of Defendants' infringement of the '111 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

102.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '111 Patent unless preliminarily and permanently enjoined.

103.    The Defendants have infringed the '111 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

104.    Defendants' infringement of the '111 Patent has been willful under 35 U.S.C. § 284.

**COUNT IX**
**INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 11,939,111**

FILED UNDER SEAL

105.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

106.    Defendants have indirectly infringed claims 1-4 of the '111 Patent under 35 U.S.C. § 271(c), by providing Accused Products, and components and supplies, which are used as components of infringing devices which infringe the claims of the '111 Patent, thus contributing to the infringement of the '111 Patent.

107.    Neither Defendant nor their customers have a license or authority to use the '111 Patent.

108.    As a result of Defendants' infringement of the '111 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

109.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '111 Patent unless preliminarily and permanently enjoined.

110.    The Defendants have infringed the '111 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

111.    Defendants' infringement of the '111 Patent has been willful under 35 U.S.C. § 284.

22

FILED UNDER SEAL

## PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed each of the Patents-in-Suit;

For a judgment declaring that Defendants' infringement of each of the Patens-in-Suit has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates,

and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the Patents-in-Suit in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for

23

FILED UNDER SEAL

Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products infringing the Patents-in-Suit;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Date: October 18, 2024

Respectfully submitted,

__/s/__  Erik N. Lund
Erik N. Lund (VSB No. 95877)
elund@dnlzito.com
Tel: 703-261-9084
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: _____

Manager, Tan Grow Inc.

24