**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **TAN GROW INC.,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**THE PARTNERSHIPS, COMPANIES, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>    **Defendants.** | **Case No. 1:24-CV-1855** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
<u>MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff Tan Grow Inc. ("Tan Grow" or "Plaintiff") hereby files this Memorandum in

Support of its Motion for Default Judgment under Fed. R. Civ. P. 55(a) against the following

Schedule A Defendants in default (the "Default Defendants.") *See* ECF 59.

| Doe# | AMZ_ASIN | AMZ_MERCHANT_ID | SELLER |
|---|---|---|---|
| 4 | HQ153083 | | MJKONE |
| 5 | B0D922J8DW | A1QR5G8ZGBEX1C | MUHUB |
| 6 | B0D7MYPVJS | AF0E0C9E09EF | SERENELIFE |
| 7 | CV206928 | | Rock Monster |
| 15 | B0DDTDL3YH | | FLUFFYDREAM |
| 16 | 5653860503 | | DFSDFGF32 FULUPET |
| 17 | B0BRSHHHLT | A3CR19X5QXP1WR | HEY FOLY |
| 18 | B0C1GZ2NW9 | | KITPLUS |
| 19 | B0CF8D4LM3 | | lAETPET |
| 23 | B0BZ3MHSV6 | A1281OI9LHIGC1 | MAGICWORX |
| 27 | B0D2HJ9S78 | A2NDFW2RLR5MCG | SMASHIER |
| 28 | 7346024594 | | SOOLKS |

**FACTUAL BACKGROUND**

The following facts are alleged in the Complaint [ECF 1] and are now deemed admitted by the Default Defendants: the Default Defendants are all individuals, companies, and unincorporated business associations who, upon information and belief, reside in both domestic and foreign jurisdictions.  The Default Defendants sell Accused Products on Amazon.com. (*Id.*, ¶ 4.) The Default Defendants conduct their operations through fully interactive commercial websites hosted on various ecommerce sites, including Amazon.com. Each of the Default Defendants targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the Patents-in-Suit. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district. (*Id.*, ¶ 5.)

Tan Grow manufactures, markets, sells and distributes various products under the Furesh brand domestically and internationally, including within the Eastern District of Virginia that are commercial embodiments made under the patents-in-suit. (*Id.*, ¶ 13.) Tan Grow is the manufacturer of the Furesh dog baths, a unique product that allows for an elevated wash station for dog bathing. (*Id.*, ¶ 15.)  Tan Grow is the exclusive owner of United States Patent No. 10,543,957 entitled "Foldable Liquid Container with Supporting Frame;" United States Patent No. 10,882,662 entitled "Foldable Liquid Container with Supporting Frame;" and United States Patent No. 11,939,111 entitled "Foldable Container and Foldable Supporting Frame Thereof, and Folding Method." (the "patents-in-suit") (*Id.*, ¶¶ 18-25.)  The patents-in-suit claim patent-eligible subject matter and are valid and enforceable. (*Id.*, ¶¶ 18-26.)   Plaintiff is the exclusive owner of the patents-in-suit including the right to bring this suit for injunction and damages, and including

2

the right to sue and recover all past, present, and future damages for infringement of the patents-in-suit. (*Id.*)   The Default Defendants are not licensed to the patents-in-suit, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the patents-in-suit whatsoever. (*Id.*)

The Default Defendants manufacture, import, offer to sell, and sell various foldable liquid containers or dog baths.  These devices are sold on the Amazon.com, Temu.com, and Walmart.com platforms and other Internet platforms using Infringing Webstores. (*Id.*, ¶ 27.) Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. (*Id.*, ¶ 44.) Many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet websites. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores. (*Id.*, ¶ 46.)

The Default Defendants have infringed, and continue to directly infringe, at least claims 1-24 of each of the patents-in-suit under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States. (*Id.*, ¶ 45.)  The Default Defendants have indirectly infringed one or more of the claims of each of the patents-in-suit under 35 USC §271(b) by providing Accused Products, with instructions, which are used to operate the dog bath, thereby inducing others to use the Accused Products in an infringing manner. (*Id.*, ¶ 29.)  As a result of the Default Defendants' infringement of the patents-in-suit, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty. (*Id.*, ¶ 43.) The Default Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the patents-in-suit unless

3

preliminarily and permanently enjoined. (*Id.*, ¶ 47.)  The Default Defendants have infringed the patents-in-suit through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. (*Id.*)

**PROCEDURAL BACKGROUND**

1.      On October 18, 2024, Tan Grow filed the Complaint. (ECF 1.)

2.      On October 31, 2024, the Court granted Plaintiff a Temporary Restraining Order. (ECF 14.)

3.      On December 4, 2024, the Court granted Plaintiff a preliminary injunction. (ECF 40.)

4.      On March 17, 2025, Entry of Default as to The Defaulting Schedule A Defendants was entered by the Clerk. (ECF 59.)

**ARGUMENT**

**I.      Legal Standard.**

"Where a defendant fails to plead or otherwise defend itself, default judgment is warranted." *Toolchex, Inc. v. Trainor*, 2009 WL 2244486, at *1 (E.D. Va. July 24, 2009) (granting default judgment and entering permanent injunction in trademark infringement claim) (citation omitted); *see also EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497 (E.D. Va. 2009) (entering default judgment and awarding attorney's fees in copyright infringement claim); *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505 (E.D. Va. 2003) (entering default judgment in trademark and copyright infringement claim). This Court "must have both

4

subject matter and personal jurisdiction over a defaulting party before it can render default judgment." *Unum Life Ins. Co. of Am. v. James*, 2015 WL 6439051, at *1 (E.D. Va. Oct. 21, 2015). "Where a defendant is in default, as here, the facts set forth in the plaintiff's complaint are deemed admitted if the plaintiff's complaint sets forth a proper claim." EMI Apr. Music, 618 F. Supp. 2d at 505. However, "[b]efore entering default judgment, … the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim." Unum Life Ins. Co., 2015 WL 6439051, at *3.

## II. This Court has Jurisdiction and Venue is Proper.

This Court has original subject matter jurisdiction over Tan Grow's federal patent claims pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, and 28 U.S.C. §§1331 and 1338(a), federal question.

This Court has personal jurisdiction over U.S. based Default Defendants in that they transact business in the State of Virginia and in the Eastern District of Virginia. The Court has Personal jurisdiction over non-U.S. based Default Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2). This Court has personal jurisdiction over Default Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Default Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Default Defendants, in part, because the Default Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Virginia through fully interactive

websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. The Default Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of Virginia using at least on the Amazon.com e-commerce platform.

Venue is proper in this District pursuant to §§1391(b), 1391(c) and 1400(b) in that the U.S. based Default Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and the Default Defendants directly target business activities towards consumers in the State of Virginia. The Default Defendants are doing business in this judicial district and have committed acts of infringement in this District. 13. Venue is proper in this Court against non-U.S. based Default Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b)  based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Default Defendants in any judicial district in any state to which it is subject to personal jurisdiction. *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 92 S. Ct. 1936, 32 L. Ed. 2d 428 (1972).

### III.    Tan Grow has Properly Served the Default Defendants

As detailed in the Affirmations of Erik Lund and proof of service in Tan Grow's Request for Default as to the Default Defendants (ECF 58), the Default Defendants were properly served with the Complaint and Summonses.

### IV.    Tan Grow Properly Stated Claims for Each of Its Nine Causes of Actions and Default Judgment is Warranted

Tan Grow seeks default judgment against the Default Defendants on its claims for patent infringement pursuant to 35 U.S.C. § 271(a) and 35 U.S.C. § 271(b), damages of at least total profits under 35 U.S.C. § 289 for infringement of the patents-in-suit and a reasonable royalty for infringement of the utility patent-in-suit, and injunctive relief pursuant to 35 U.S.C. § 283.

Tan Grow properly pled for patent infringement in the Complaint. In *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07-cv-543, 2007 U.S. Dist. LEXIS 93465, at *37-39 (E.D. Va. Dec. 20, 2007), Judge Payne in this District applied Rule 8, as interpreted by *Twombly* (*Iqbal* was not yet decided), to a patent infringement complaint. Taking guidance from the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), the Court identified five factors that should be alleged for a patent infringement claim to satisfy Rule 8:

(1) "that the plaintiff owns the patent at issue,"

(2) who the defendants are,

(3) "that the defendant infringed the patent,"

(4) a description, "in general terms, [of] the means by which the patent was infringed," and

(5) "identification of] the specific parts of patent law that are implicated."

*Taltwell*, 2007 U.S. Dist. LEXIS 93465, at *39 (*citing McZeal*, 501 F.3d at 1355-60). In *Adiscov, L.L.C. v. Autonomy Corp.*, Judge Smith of this Division confirmed, in light of *Iqbal* as well, that these five factors apply to a patent infringement complaint. See No. 2:11-cv-201, Mem. Order at 4-5 (E.D. Va. Apr. 26, 2011) ("*Adiscov II*").

In Count One, Tan Grow pled that it is the exclusive owner to enforce the '957 Patent and that the Default Defendants have infringed, and continue to directly infringe, at least claims 1-24

of the '957 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

The Complaint identifies Tan Grow as the exclusive assignee of the Patents-in-Suit with the right to enforce (ECF 1, ¶ 3);  names the Default Defendants as defendant (*Id.*, ¶ 4, Schedule A); alleges that the Default Defendants directly and indirectly infringe the Patents-in-suit (*Id.*, ¶¶ 52); a description, in general terms, of the means by which the patent was infringed, (*Id.*, ¶¶ 30-32; Ex. D; Schedule A); identification of the specific parts of patent law that are implicated (*Id.*, ¶¶ 36-42). These factors satisfy the factors identified by the Federal Circuit and this District for stating a patent infringement claim. Schedule A of the Complaint also identifies the specific accused products sold by the Default Defendants.

## V.    Requested Relief

### A.    Tan Grow is Entitled to Monetary Damages

Tan Grow has been damaged and is entitled to monetary damages from defendants under the Patent Act. Damages for a reasonable royalty have been calculated using a reasonably royalty rate of $5.00 per unit, which is less than has been accepted by numerous defendants in this and related cases. Moreover, the average sales price from Amazon for infringing products based on data provided by Amazon is approximately $124. *See* Ex. A, Amazon production data. A reasonable royalty of 5%, which is typical in Consumer products, would be about $6.20. *See* https://www.upcounsel.com/patent-licensing-royalty-rates. Thus, Tan Grow's request for $5.00 per unit is less than even a reasonable royalty.

In response to preliminary discovery requests in this case by Tan Grow's counsel, Amazon.com, Walmart.com, and Temu.com provided Tan Grow with contact and sales information for the Default Defendants.  Below is the sales data contained in the Amazon.com

worksheet relating to each of the remaining Default Defendants in this case. If the Court wishes to review a copy of the Amazon Worksheet, Tan Grow can provide it to the Court in original electronic form. Ex. A. Defendants with N/A ordered units represent stores that Amazon did not provide data for or were allegedly unable to locate data for.

| Def# | AMZ_ASIN | Net Ordered Units | Net Ordered GMS | Price per Unit | Damages | US Account Balance To be forfeit |
|---|---|---|---|---|---|---|
| 4 | HQ153083 | N/A | N/A | N/A | 0 | N/A |
| 5 | B0D922J8DW | 0 | 0 | 0 | 0 | $536.05 |
| 6 | B0D7MYPVJS | N/A | N/A | N/A | 0 | N/A |
| 7 | CV206928 | N/A | N/A | N/A | 0 | N/A |
| 15 | B0DDTDL3YH | N/A | N/A | N/A | 0 | N/A |
| 16 | 5653860503 | N/A | N/A | N/A | 0 | N/A |
| 17 | B0BRSHHHLT | 503 | $71,377.56 | $141.9 | 3,558 | $45.29 |
| 18 | B0C1GZ2NW9 | N/A | N/A | N/A | 0 | N/A |
| 19 | B0CF8D4LM3 | N/A | N/A | N/A | 0 | N/A |
| 23 | B0BZ3MHSV6 | 0 | 0 | 0 | 0 | $-179.07 |
| 27 | B0D2HJ9S78 | 201 | $21,203.08 | $105.49 | 1,050 | $ 681.33 |
| 28 | 7346024594 | N/A | N/A | N/A | 0 | N/A |
| | | | Total | | 4,608 | 1,252.38 |

Exhibit B, the Declaration of Erik Lund, counsel for Tan Grow, Table I lists the Amazon IDs of the sellers in Default that were provided to Tan Grow by Amazon.com in early discovery. (Ex. B., ¶ 3.) In many instances, the Seller in the Schedule A of defendants is only the storefront name of the defendant and not the name provided to Amazon.com for its contact information. The "Seller ID" is linked to the defendants' names using the Amazon Merchant ID, which is consistent between the Schedule A Seller name and the Amazon.com production name. Tan Grow requests the Court to hold the individuals and businesses indexed in Exhibit B as the defaulted Schedule A Defendants liable for Tan Grow's damages.

The Schedule A Defendants' actions were willful, and Tan Grow is entitled to enhanced damages and attorneys' fees. The Default Defendants' failure to appear and defend a case permits an inference of willfulness. *See All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp. 2d 1213, 1220 (S.D.N.Y. 2011). Courts have also awarded attorneys' fees based on defendant's deemed admission of allegations of willfulness. *See Unilever Supply Chain, Inc. v. I & I Wholesale Food, Inc.*, 10-cv-1077, 2011 U.S. Dist. LEXIS 30661, at *6-7, *19 (E.D.N.Y. Feb. 17, 2011), *citing Louis Vuitton Malletier v. WhenU.com, Inc.*, 2007 WL 25717, at *4 (S.D.N.Y. Jan. 26, 2007) (admission by default supports an attorneys' fee award); *Protection One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 353 F. Supp. 2d 201, 207-08 (E.D.N.Y. 2008) (default admits willfulness and makes the case exceptional.)

Tan Grow requests the Court hold that the actions of the Default Defendants are exceptional under 35 U.S.C. § 285 and award Tan Grow's costs and attorneys' fees.

**B.      Tan Grow is Entitled to a Permanent Injunction**

Plaintiff has reached out to all the Defendants listed in the original Schedule A (ECF 43). Plaintiff has dismissed those that have settled and requested transfer of one defendant to California. The remaining Default Defendants are foreign based and/or are unwilling to settle this lawsuit, unwilling to appear in this lawsuit, unwilling to discontinue infringement and are unwilling to maintain assets available for damages. Plaintiff created infringement charts for each of the remaining Default Defendants that demonstrate infringement of the patents-in-suit and attached them to Plaintiff's Complaint as Exhibits E-J (ECF 1-5) and to Plaintiff's Motion for Preliminary Injunction as Exhibits E-J (ECF 25-1; 25-2; 25-3; 25-4; 25-5; 25-6).

As alleged in Plaintiff's Verified Complaint, each Default Defendant in default has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the

doctrine of equivalents, one or more claims of each of the patents-in-suit by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products through Internet storefronts, namely Amazon.com, Walmart.com, and Temu.com.

The Default Defendants created webstores and product listings for dog washing stations, all the while selling unlicensed, infringing wares to unknowing consumers in an attempt to avoid liability by going to great lengths to conceal both their identities and the full scope of their operation. The Default Defendants directly target unlawful business activities towards consumers in Virginia and caused harm to Plaintiff's business within the Eastern District of Virginia and have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff sells its patented product directly on-line and through Plaintiff's Amazon store.  The Default Defendants' sales compete directly with Plaintiff's sales.  Each infringing sale is a loss of a sale for Plaintiff, causing lost profits that cannot be recovered without an injunction. The Default Defendants are knowingly and intentionally importing, promoting, advertising, marketing, retailing, offering for sale, distributing, and selling infringing products within this judicial district and throughout the United States. Specifically, The Default Defendants employ the user accounts listed in Schedule A in conjunction with the online platform Amazon.com, Walmart.com, or temu.com to conduct online sales.  Typically, The Default Defendants are paid by Amazon.com on a monthly basis, but China-located sellers have an option to withdraw from their accounts on a daily basis. Through their unlawful actions, the Default Defendants have infringed and are continuing to infringe Plaintiff's patent rights.

The Accused Products are all foldable pet wash stations. Figure 1 of the '111 Patent illustrates an embodiment of the liquid container in the unfolded position.



FIG.1

Figure 2 of the '111 Patent illustrates the folded position of the embodiment of the liquid container of Fig. 1.



FIG.2

Each Accused Product is a foldable liquid container that includes all of the claimed elements of at least one claim of at least one of the patents-in-suit.

On October 31, 2024, this Court granted Plaintiff's Ex Parte Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email (the "TRO"). *See* ECF 18.  The TRO ordered Amazon.com, Walmart.com, and Temu.com to immediately freeze all accounts associated with Defendants in Schedule A to the complaint, and restrain and enjoin from transfer any monies held in such accounts until further ordered by the Court. *Id*. Amazon.com, Walmart.com, and Temu.com have complied with this Order and has released assets and accounts when settlements have been reached with Defendants on Schedule A.

The Court also required that Plaintiff demonstrate infringement by each of the products sought to be enjoined by the Preliminary Injunction. Plaintiff demonstrated infringement and this Court converted the TRO to a preliminary injunction. *See* ECF 36.

### 1.    Plaintiff Requests the Court Convert the Preliminary Injunction Into a Permanent Injunction

This Court has already found that the urgency requirements for a preliminary injunction have been satisfied.  *See* ECF. 36.  Plaintiff respectfully requests that this Court convert the preliminary injunction into a permanent injunction to prevent further unlawful conduct by the Default Defendants.

### 2.    The Equitable Relief Sought Remains Appropriate

The Patent Act provides courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction.

*See Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (*citing eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Further, this Court has previously entered injunctions that have restrained individuals and entities from partaking in certain activities that facilitate a defendant's unlawful actions. *See, e.g. Thousand Oaks Barrel Co. v. Freedom Oak Barrels et al,* Case No. 1:21-cv-848 [ECF 47] (E.D. Va. Jul. 21, 2021); *Montblanc-Simplo GMBH v. Ilnitsky*, 1:17-cv-415 (LMB/TCB), 2018 WL 844401, at *2 (E.D. Va. Feb. 13, 2018); *Microsoft Corp. v. Does 1-2*, No. 1:16-cv-00993 (GBL/TCB), 2017 WL 3605317, at *1-2 (E.D. Va. Aug. 22, 2017; *Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01574-AJTMSN [ECF 21] (E.D. Va. Dec. 20, 2019) (granting a TRO ordering PayPal and/or Alipay to freeze funds of defendants); *Juul Labs, Inc. v. Unincorporated Ass 'ns*, Case No. 1: 19-cv-0 1126- LO-IDD [ECF 47] (E.D. Va. Oct. 11, 2019) (same); *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 43] (E.D. Va. Sept. 13, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 58] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 62] (E.D. Va. June 28, 2019) (same), *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-

14

cv-01516-LO-IDD [ECF 45] (E.D. Va. Jan. 15, 2019) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01382-CMH-TCB [ECF 44] (E.D. Va. Dec. 14, 2018).

Here, a permanent injunction against the Default Defendants is warranted since all four elements of the Fourth Circuit's test for a permanent injunction are satisfied. First, Tan Grow suffered and continues to suffer irreparable injury as the Default Defendants have and continue to infringe Tan Grow'sexclusive patent rights in the patents-in-suit.

Second, other remedies at law are inadequate to compensate Tan Grow. Despite repeated attempts to communicate with the Default Defendants to participate in this lawsuit, they have failed to respond. The lack of an appropriate response shows a threat of continued infringement as well as a likely lack of cooperation by defendants with any remedy short of a permanent injunction.

Third, the only hardship that would befall the Default Defendants by granting Tan Grow's permanent injunction would be the requirement to follow clearly established U.S. patent law. Therefore, the balance of hardships weighs in Tan Grow's favor, as the Default Defendants would face barely any hardship at all.

Fourth, public interest favors an injunction. An injunction would prevent the public from purchasing an unlicensed, knock-off dog bath product with possible dubious manufacturing aspects, which are unregulated by Tan Grow, from being sold by the Default Defendants. An injunction would also maintain the integrity of Tan Grow's exclusive patent rights that protect its commercial embodiment of the Ferush dog bath. Enforcing laws is in the public interest.

Based on the foregoing, Tan Grow requests the Court grant its request for a permanent injunction against the Default Defendants to stop their infringing and illegal importing,

15

promoting, advertising, marketing, retailing, offering for sale, distributing, and selling activities performed based on these actions. In many instances, the "Seller ID" in the Schedule A of defendants is only the storefront name of the defendant and not the name provided to Amazon.com for its contact information. The "Seller ID" is linked to the defendants' names using the Amazon Merchant ID, which is consistent between the Schedule A Seller ID name and the Amazon.com production name. Tan Grow requests the Court to enjoin the defaulted Schedule A Defendants.

**CONCLUSION**

Based on the foregoing, Tan Grow respectfully requests the Court grant its Motion for Default and the relief requested.  Order that the $1,252.38 remaining in the Amazon Accounts be forfeit to Plaintiff and enter a permanent injunction against the Default Defendants.

Date: April 1, 2025

Respectfully submitted,

DNL ZITO
by Counsel

__/s/__Erik N. Lund
Erik N. Lund
Phone: 703-261-9084
elund@dnlzito.com
DNL ZITO
1250 Connecticut Ave, NW
Suite 700
Washington, DC 20036
Joseph J. Zito (*pro hac vice*)
Phone: (202) 466-3500
jzito@dnlzito.com
Fax: (703) 890-9418

*Attorneys for Plaintiff*

16

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2025, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will serve all counsel of record in this case.

Date: April 1, 2025

__/s/__ Erik N. Lund
By:  Erik N. Lund
Virginia bar number 95877

*Attorney for Plaintiff*