IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TAN GROW INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-1855 (RDA/WBP) |
| ) | |
| UNINCORPORATED ASSOCIATIONS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by U.S. Magistrate Judge William B. Porter on June 13, 2025. Dkt. 83. In its Complaint, Plaintiff Tan Grow, Inc. ("Plaintiff") alleges nine counts for infringement of various patents that Plaintiff owns against thirty Defendants listed in Schedule A. Dkt. 1. On June 5, 2025, Plaintiff moved for default judgment against the following two Defendants: No. 13 FELIMODA, and No. 29, which does not have a specified seller name (the "Defaulting Defendants"). Dkts. 79, 80.

In its Motion, Plaintiff requests a permanent injunction enjoining the Defaulting Defendants from further infringement, reasonable royalties of $5.00 per Accused Product sold, all money remaining in the Defaulting Defendants' webstore accounts, enhanced damages, and attorneys' fees. Dkt. 80. In the Recommendation, Magistrate Judge Porter recommends that default judgment be entered against the Defaulting Defendants, that a permanent injunction be entered against the Defaulting Defendants enjoining them from infringing on Plaintiff's patent rights, and that Plaintiff be awarded damages, enhanced damages, and attorneys' fees. Dkt. 83 at 18-19. More specifically, Magistrate Judge Porter recommends that this Court award Plaintiff (1)

reasonable royalties of $6.20 per Accused Product sold by Defendant 13; (2) treble damages to reflect the egregious conduct of the Defaulting Defendants; and (3) reasonable attorneys' fees of $104.35 from each Defaulting Defendant, which is an equal share of the requested attorneys' fees. Dkt. 83. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Magistrate Judge Porter's Recommendation was June 27, 2025. To date, no objections have been filed.

After reviewing the record and Magistrate Judge Porter's Recommendation, and finding no clear error,[1] the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 83). Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment (Dkt. 79) is GRANTED; and it is

FURTHER ORDERED that judgment is ENTERED by default in favor of Plaintiff Tan Grow Inc. and against Defendants No. 13 FELIMODA, and No. 29, which does not have a specified seller name; and it is

FURTHER ORDERED that the Preliminary Injunction dated December 4, 2024 (Dkt. 36) is hereby converted into a PERMANENT INJUNCTION against the Defaulting Defendants; and it is

FURTHER ORDERED that the Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. offering for sale, selling, and importing the Infringing Products;

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").

b. aiding, abetting, contributing to, or otherwise assisting anyone in offering for sale, selling, and importing the Infringing Products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing this injunction; and it is

FURTHER ORDERED that Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with the Amazon.com, Inc. ("Amazon") marketplace (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other online marketplace account that Defaulting Defendants are using to sell or is the means by which Defaulting Defendants could continue to sell the Infringing Products; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products; and it is

FURTHER ORDERED that, upon Tan Grow's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of the Infringing Products; and it is

FURTHER ORDERED that Plaintiff be awarded damages, enhanced damages, and attorneys' fees against each individual Defaulting Defendant in the amount reflected in the chart below:

| Defendant Number | Seller | Damages | Enhanced Damages | Attorneys' Fees | Total |
|---|---|---|---|---|---|
| 13 | FELIMODA | $886.60 | $2,659.80 | $104.35 | $3,650.75 |
| 29 | N/A | $0.00 | $0.00 | $104.35 | $104.35 |

The Clerk is directed to enter judgment for Plaintiff in this matter against the Defaulting Defendants pursuant to Federal Rule of Civil Procedure 55 and forward copies of this order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
July 16, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

4